IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK SIMMONS | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. 21-CV-01455 |
| v. | : | |
| | : | |
| THE COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA STATE POLICE | : | |
| | : | |
| Defendant. | : | |

## STIPULATION OF AMENDED COMPLAINT AND DISMISSAL

The Parties, by and through their undersigned counsel, hereby agree and stipulate as follows:

**WHEREAS**, Plaintiff initiated the above-captioned lawsuit on March 25, 2021 *pro se* and court-appointed counsel (Ari R. Karpf) was appointed on September 7, 2021;

**WHEREAS**, Plaintiff initiated claims under Title I the Americans with Disabilities Act ("ADA") against his former employer;

**WHEREAS**, the Parties wish to avoid motion practice, unnecessary or extensive litigation before this Court, and by and through counsel, have conferred extensively;

**WHEREAS,** the Supreme Court in *Garrett* held that an employee could not sue a state employer under Title I of the ADA because of sovereign immunity.[1] The ADA was Plaintiff's exclusive federal statutory claim underlying original jurisdiction;

---

[1] *See Bd. of Trustees v. Garrett*, 531 U.S. 356, 360, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001). *See also Pa. State Troopers Ass'n v. Pennsylvania*, 2007 U.S. Dist. LEXIS 19539, at *10 (M.D. Pa. 2007)(State Police have sovereign immunity); *Davis v. Commonwealth*, 2002 U.S. Dist. LEXIS 3357, at *13 (E.D. Pa. 2002)(State Police have sovereign immunity); *Coleman v. Pa. State Police*, 2013 U.S. Dist. LEXIS 99609, at *27 n.4 (W.D. Pa. 2013)(Plaintiff could not sue PSP under Title I of the ADA because states and their agencies have sovereign immunity under the Eleventh Amendment for claims for monetary damages; Va*cek v. Pennsylvania Judicial Conduct Bd.*, 2010 U.S. Dist. LEXIS 86974, 2010 WL 3338809 (W.D.Pa. 2010) (claims against the Pennsylvania State Police must be dismissed because it is an arm of the Commonwealth entitled to Eleventh Amendment immunity).

**WHEREAS**, the Parties hereby consent to Plaintiff filing his First Amended Complaint, attached hereto as "Exhibit A."[2] Plaintiff's First Amended Complaint withdraws claims under the ADA and solely asserts claims under the Pennsylvania Human Relations Act ("PHRA");[3] and

**WHEREAS**, Defendant is not waiving any potential defenses herein including but not limited to administrative exhaustion, statute of limitations, or any other applicable defenses to the procedures or merits of Plaintiff's claims.

Respectfully submitted,

| | |
|---|---|
| **Karpf, Karpf & Cerutti, PC.** | **Office of the Attorney General** |
| /s/ Ari R. Karpf | /s/ Kevin R. Bradford, Esq. |
| Ari R. Karpf, Esq. | Kevin R. Bradford, Esq. |
| 3331 Street Road, Bldg. 2, Ste. 128 | 1600 Arch Street, 3rd Floor |
| Bensalem, PA 19020 | Philadelphia, PA 19103 |
| (215) 639-0801 | (215) 560-2262 |

**WHEREAS**, this Court having reviewed the above matter hereby ORDERS as follows:

1. Plaintiff's First Amended Complaint shall be deemed filed as of entry of this ORDER;

2. Because Plaintiff's sole remaining claim is under state law in his First Amended Complaint and there is a lack of federal jurisdiction, this Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367;

3. Plaintiff's state-law claims are hereby dismissed without prejudice and pursuant to §1367(c) and (d); and

4. The Clerk is directed to close this case for all purposes in light of the aforesaid dismissal.

Entered as an ORDER of this COURT on this __28th__ day of __September__, 2021.

/s/ Chad F. Kenney
_____
The Hon. Chad F. Kenney, U.S.D.J.

---

[2] Being that there has yet to be an answer or motion filed in response to the original Complaint, the filing of First Amended Complaint would not itself require leave of the Court. *See* Fed.R.Civ.P 15(a)(1)(B).

[3] *See Boone v. Pa. Office of Vocational Rehab.*, 373 F. Supp. 2d 484, 496 (M.D. Pa. 2005)(Courts have held that sovereign immunity does not prevent a lawsuit against the Commonwealth under the PHRA in state court).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK SIMMONS<br>1924 Midfield Road<br>Feasterville-Trevose, PA 19053<br>Croydon, PA 19021 | :<br>:<br>:<br>:<br>: | CIVIL ACTION |
| Plaintiff, | : | No. 21-CV-01455 |
| v. | :<br>: | |
| THE COMMONWEALTH OF<br>PENNSYLVANIA, PENNSYLVANIA<br>STATE POLICE<br>1800 Elmerton Avenue<br>Harrisburg, PA 17110 | :<br>:<br>:<br>:<br>:<br>: | **JURY TRIAL DEMANDED** |
| Defendant. | :<br>: | |

### FIRST AMENDED CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.  This action has been initiated by Patrick Simmons (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against the Commonwealth of Pennsylvania, Pennsylvania State Police (hereinafter referred to as "Defendant"). Plaintiff asserts that he was unlawfully discriminated against and retaliated against in violation of the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. §§ 951-963). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2.  This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the

standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

3. Venue is properly laid in this Court because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this venue, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant appropriately being sued in this venue.

## **PARTIES**

4. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

5. Plaintiff is an adult individual, with an address as set forth in the caption.

6. Defendant is the Commonwealth of Pennsylvania, State Police. This is an agency of the State of Pennsylvania engaging in statewide law enforcement.

7. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## **FACTUAL BACKGROUND**

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9. Plaintiff was hired by Defendant effective on or about December 13, 2013; and in total, Plaintiff was employed with Defendant for approximately 7 years.

10. Plaintiff was at all relevant times during his tenure a mechanic performing repairs to vehicles of Defendants' motor vehicle fleet.

11. Plaintiff was employed within Defendant's Troop K Philadelphia location, based at 2201 Belmont Avenue, Philadelphia, PA 19131.

12. In early 2019, Plaintiff required a medical leave of absence. In particular, Plaintiff suffered very serious work-related injuries to his groin, hip, and the mid-section of his body. Such medical complications required extensive medical treatment (inclusive of surgery, injections and other invasive care), are long-term, and will cause Plaintiff permanent (and life-time) pain, complications or limitations. They were clearly injuries resulting in disabilities to Plaintiff.

13. Plaintiff anticipated returning to work in September of 2019 after an approximate 8-to-9-month medical leave of absence.

14. However, Plaintiff's return to work was delayed by several months because he was attacked by a third-party individual unrelated to work, engaged in self-defense, and was required by Defendant to resolve any potential criminal allegations prior to return (during an unpaid suspension / administrative leave). After criminal charges were adjudicated in Plaintiff's favor, Plaintiff was in fact reinstated to work by Defendant.

15. Following Plaintiff's lengthy medical leave and several-month unexpected delay in return, Plaintiff resumed working for Defendant on or about January 20, 2020. In total, Plaintiff missed approximately a year of work before his aforesaid return.

16. Plaintiff was only permitted to work by Defendant (for slightly less than 4 months) from on or about January 20, 2020 through May 14, 2020 when Plaintiff was indefinitely suspended. Plaintiff was informed of his termination in or about October of 2020, after not having been permitted to return from his suspension dating back to mid-May of 2020.

17. Prior to Plaintiff's return from medical leave in January of 2020, Plaintiff did not have any meaningful disciplinary history, was viewed as an exemplary performer and asset to Defendant's workplace, and had received significant recognition for his skill and hard work. There

were also no complaints of Plaintiff being inappropriate or uncooperative (allegations that would suddenly result in Plaintiff's termination).

18. When Plaintiff returned from medical leave in January of 2020, Plaintiff was subjected to a near 4-month hostile work environment.

19. Relevant law enforcement to whom Plaintiff interacted with included but was not limited to by example(s), Sergeant Kaylor, Corporal Durham, Trooper Shehu, and others. This and other law enforcement during Plaintiff's roughly 4-month post-medical leave return:

   a) Made derogatory comments about Plaintiff;

   b) Continually yelled at or mistreated Plaintiff in the workplace;

   c) Attempted to humiliate or embarrass Plaintiff;

   d) Attempted to coordinate witnesses to say anything negative about Plaintiff, even if false;

   e) Told Plaintiff he was having fun at physical therapy while others work hard or full days (among other discriminatory comments);

   f) Did not consider any options of light duty for Plaintiff, and required Plaintiff to work full-duty;

   g) Physically grabbed Plaintiff, an offensive contact that could objectively be construed as assault;

   h) Tried to alienate Plaintiff, exclude Plaintiff, and prevent Plaintiff's coworkers from maintaining a relationship with Plaintiff; and

   i) Caused Plaintiff to be falsely disciplined, suspended and ultimately terminated.

20. <u>Prior to Plaintiff returning from medical leave</u> in January of 2020, Defendant's law enforcement management had expressed an intent to get rid of or termination Plaintiff. For example, Trooper Shehu stated while Plaintiff was on medical leave (and pre-January 2020 return) that Plaintiff "was going to be terminated."

21. There was a ***clear intent*** to terminate Plaintiff expressed prior to his return from medical leave in January of 2020 by Defendant (despite Plaintiff in all respects being an exemplary and model employee beforehand). Thus, only Plaintiff's medical problems, worker's compensation filings, medical leave, and requested accommodations changed Defendant's perspective of him.

22. Upon returning to work, as outlined above, Plaintiff was subjected to ***a very hostile work environment*** (which was discriminatory and retaliatory). Plaintiff was then ***pretextually suspended*** in May of 2020 after being continually harassed, a suspension that was later converted to ***an unlawful and discriminatory termination*** in October of 2020.

23. Defendant's law enforcement and management fabricated a rationale to take the aforesaid adverse actions against Plaintiff. There is simply no question Plaintiff suffered unlawful discrimination and retaliation.

**COUNT I**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**([1] Hostile Work Environment; [2] Retaliation; and [3] Discrimination)**

24. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25. The actions as outlined in this lawsuit taken against Plaintiff were clearly because of:

   [1] His actual, perceived and record-of health problems and disabilities (constituting unlawful discrimination); and

   [2] His requested accommodations of light duty, time off to attend physical therapy, and other accommodations such as his prior medical leave needs (constituting unlawful retaliation).

26. Plaintiff seeks all available legal relief for a hostile work environment, unlawful suspension, unlawful termination, and other actions taken against him which can be implicitly or explicitly construed from this Complaint.

27. Plaintiff properly dual filed Charges with the Pennsylvania Human Relations Commission ("PHRC") sufficient to pursue the legal claim herein (satisfying administrative exhaustion requirements).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

C. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

D. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:  */s/ Ari R. Karpf*_____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: September 27, 2021